

RECEIVED E.C
2/22/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



FILED
2/27/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| JORGE ALEJANDRO ROJAS, <br><br> *Plaintiff,* <br><br> vs. <br><br> COLLECTIVE SOLAR, LLC, and PROSPECT BACON, LLC, <br><br> *Defendants.* | Case No. **1:23-CV-01113** _____ <br><br><br> **JURY TRIAL DEMANDED** <br><br> JUDGE SHAH <br> MAGISTRATE JUDGE WEISMAN <br><br> **RANDOM** |

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants Collective Solar, LLC ("Collective Solar"), and Project Bacon, LLC ("Project Bacon"), (collectively "Defendants"), and alleges based on personal knowledge, investigation, and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

3. This case involves a campaign by Defendants which placed illegal, automated calls to Plaintiff's cell phone, without his prior express consent.

## JURISDICTION AND VENUE

1

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Collective Solar, LLC ("Collective Solar"), is a Delaware LLC, with a registered agent of Harvard Business Services, Inc, 16192 Coastal Hwy, Lewes, DE, 19958.

9. Defendant Prospect Bacon, LLC ("Prospect Bacon"), is a terminated Missouri LLC, with a registered agent of Josiah Atkins, located at 1413 E 553rd Rd Brighton, MO 65617.

10. Defendants are each a person as defined by 47 U.S.C. § 153(39).

11. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone

number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

## ALLEGATIONS

16. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

17. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

18. Plaintiff is the account holder and customary user of his phone number.

19. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

20. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

21. **Call 1.** On or about February 16, 2023, at 6:17 PM Chicago time, Plaintiff received a call from Defendants, from 661-344-5207.

22. Plaintiff's telephone flagged the phone call as "Scam Likely."

23. When Plaintiff picked up the phone, he heard music playing, followed by being connected to a "Lyn", who stated she was working with a "local energy partner" to sell solar panels.

24. Plaintiff subsequently received a text from 818-464-4760, which had a link to https://creativesolar.bettersources.co/bill.

25. The terms of service, located at https://admin.cleanpowerprogram.com/terms-and-conditions, states that Prospect Bacon LLC, a Missouri company, is the operator of the website.

26. The terms of service state, "Prospect Bacon provides leads to our customers on parties who may be interested in receiving more information regarding solar energy and solar energy products."

3

27. The privacy policy for the website states, "How We Use Information We may use the information we collect from you for the following purposes:  Provide our services to our clients and newsletter subscribers:  • Generate leads."

28. **Call 2.** On or about February 17, 2023, at 4:15 PM Chicago time, Plaintiff received a call from Defendants, from 818-464-4760.

29. When Plaintiff picked up the phone, he heard a beep, followed by a "Francisco" stating that he was following up concerning the call from the day before. Francisco stated he worked for "Collective Solar."

30. Francisco texted Plaintiff after the call, with a link to the website https://www.collectivesolar.io/.

31. Plaintiff asserts claims against Project Bacon because he believes that it is the one that made the initial telephone call, on behalf of Creative Solar.

32. Plaintiff asserts claims against Creative Solar because it is the one which directed any third party to make telephone calls on its behalf, for the benefit of Creative Solar.

33. The text message Plaintiff received from Project Bacon stated in part "You will be receiving a confirmation call from your local energy partner" which implies that Project Bacon works with numerous "energy partners" or other companies.

34. Project Bacon, despite being a suspended or inactive entity, continues to engage in business operations.

35. The conduct alleged in this action was made willful and knowingly.

36. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

37. Defendants did not have any consent to call Plaintiff.

38. Defendants are not an organization exempt from the TCPA.

39. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

40. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.

41. In total, Defendants and/or their affiliates placed at least two (2) phone calls to Plaintiff.

42. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

43. Defendants have a pattern and/or practice of failing to comply with the TCPA.

44. The foregoing acts and omissions were in violation of the TCPA.

45. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

46. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

47. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

48. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

49. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

50. Plaintiff is also entitled to an award of costs.

51. Defendants' call was not made for "emergency purposes."

52. Defendants' call to Plaintiff were made without any prior express written consent.

53. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

54. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

55. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

56. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

57. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.

58. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

59. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

60. Plaintiff requests a jury trial on all issues so triable.

## <u>COUNT 1.</u>

<u>Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)</u>

61. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

62. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

63. Plaintiff was statutorily damaged at least two (2) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.

64. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## <u>COUNT 2.</u>

<u>Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200</u>

65. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66. By placing at least two telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

67. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

68. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

69. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

70. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $6,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each violation of 47 U.S.C. § 227(b);

C. Statutory damages of $500.00 per call for each violation of 47 U.S.C. § 227(c);

D. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(B);

F. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

8

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: February 22, 2023          /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582